■ JERRY M. SCHWARTZ, Respondent-Appellant, v MURRAY B. FELTON et al., as Executors of SIGMUND SOMMER, Deceased, Appellants-Respondents, and SUTTON & TOWNE SUBURBAN,

INC., Respondent. (Action No. 1.) JERRY M. SCHWARTZ, Respondent-Appellant, v SUTTON & TOWNE, INC., et al., Defendants; WILLIAM WEINBAUM, Respondent, and MURRAY B. FELTON et al., as Executors of SIGMUND SOMMER, Deceased, Appellants-Respondents. (Action No. 2.)—In two consolidated actions, *inter alia,* to recover real estate brokerage commissions, (1) the defendants Murray B. Felton and Viola Sommer as executors of the last will and testament of Sigmund Sommer, deceased, appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Velsor, J.), dated February 5, 1986, as, after a nonjury trial, was in favor of the defendant Sutton & Towne Suburban, Inc., and against the estate in the amount of $876,382.50, (2) the defendants Sutton & Towne Suburban, Inc., Sutton & Towne, Inc., and Coldwell Banker-Sutton & Towne cross-appeal from so much of the same judgment as dismissed the cross claims against the estate of Sigmund Sommer, and (3) the plaintiff Jerry M. Schwartz cross-appeals from so much of the same judgment as dismissed in its entirety the complaint in each of the consolidated actions.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, for reasons stated by Justice Velsor in his memorandum decision in the Supreme Court, Nassau County.

We note our agreement with Supreme Court's finding that the plaintiff and Sutton & Towne Suburban, Inc. (hereinafter Suburban) are precluded under the terms of the brokerage commission agreement from recovering any commission for the execution of a lease on the premises in question. We perceive no reason, however, why that finding should bar the plaintiff's and Suburban's recovery of commissions on the sale of the subject premises. All parties to the action concede that the plaintiff's efforts to procure a buyer for the premises led to the ultimate sale thereof, and, therefore, Suburban, as his employer, was entitled to a brokerage commission in which the plaintiff was entitled to share. Thompson, J. P., Brown, Lawrence and Weinstein, JJ., concur.